UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================

MODERN EQUITY COMPANY, INC.,

        Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY,

        Defendant.

**ANSWER**

No. 1:08-cv-07308-BSJ/RLE

**ELECTRONICALLY FILED**

=================================================

    Defendant Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Kenney Shelton Liptak Nowak LLP, for its Answer to plaintiff's Verified Complaint:

    1.    Denies information or knowledge sufficient to admit or deny the allegations in paragraph 1.

    2.    Denies information or knowledge sufficient to admit or deny the allegations in paragraph 2.

    3.    In response to the allegations in paragraph 3, states that Mt. Hawley is a Delaware corporation with its principal place of business in Illinois. Mt. Hawley sells insurance in New York on a non-admitted basis.

    4.    Denies the allegations in paragraph 4.

    5.    In response to the allegations in paragraph 5, admits Mt. Hawley issued the alleged policy, and refers to the policy, which speaks for itself. Mt. Hawley otherwise denies the allegations in paragraph 5.

    6.    Denies information or knowledge sufficient to admit or deny the allegations in

paragraph 6.

7. Denies the allegations in paragraph 7.

8. Denies information or knowledge sufficient to admit or deny the allegations in paragraph 8.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Denies information or knowledge sufficient to admit or deny the allegations in paragraph 11.

12. Denies information or knowledge sufficient to admit or deny the allegations in paragraph 12.

13. In response to the allegations in paragraph 13, refers to the policy alleged in paragraph 5, which speaks for itself, and otherwise denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. In response to the allegations in paragraph 15, refers to the alleged July 21, 2008 letter, which speaks for itself.

16. Denies the allegations in paragraph 16.

17. States that the allegations in paragraph 17 constitute legal conclusions to which no response is required.

18. In response to the allegations in paragraph 18, re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth.

19. In response to the allegations in paragraph 19, refers to the policy alleged in paragraph 5, which speaks for itself, and otherwise denies the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Admits the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. States that the allegations in paragraph 23 constitute legal conclusions to which no response is required.

24. States that the allegations in paragraph 24 constitute legal conclusions to which no response is required.

25. States that the allegations in paragraph 25 constitute legal conclusions to which no response is required.

26. In response to the allegations in paragraph 26, re-alleges and incorporates paragraphs 1 through 25 above as if fully set forth.

27. Denies information or knowledge sufficient to admit or deny the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies any allegations that may be contained in the complaint's "wherefore" clause.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy conditions precedent to coverage under the policy, including, but not limited to, failure to provide timely notice of occurrence, claim, and suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are excluded from coverage under the alleged policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are outside the scope of coverage of the alleged policy.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiff is found entitled to coverage under the alleged policy, any such coverage is reduced by coverage under other policies under which plaintiff is insured, whether such other insurance is collectible or not.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff is found entitled to coverage under the alleged policy, any such coverage is excess to coverage under other policies under which plaintiff is insured, whether such other insurance is collectible or not.

Dated: September 2, 2008

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

By: _____/s/_____
Timothy E. Delahunt
Bar Roll No. TD-2791

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel: (716) 853-3801
Fax: (716) 853-0265
e-mail: TEDelahunt@kslnlaw.com

*Attorneys for defendant Mt. Hawley Insurance Company*